

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN GAUQUIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALBANY MOLECULAR RESEARCH, INC., WILLIAM MARTH, and MICHAEL NOLAN,<br><br>　　　　　　Defendants. | Civil Action No. 14-cv-06637 (FB) (SMG)<br><br>**CLASS ACTION**<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

This matter came before the Court for a hearing pursuant to the Order of this Court entered on June 26, 2017 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Amended Stipulation and of Settlement (the "Stipulation"), executed as of June 23, 2017 and filed with the Court on that date. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order, due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies, solely for the purposes of effectuating the Settlement, a Settlement Class consisting of all Persons who purchased the common stock of Albany Molecular Research, Inc. ("AMRI") from and including August 5, 2014 through November 5, 2014 (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the present and former officers and directors of AMRI, members of the Immediate Family of any Individual Defendant and the legal representatives, heirs, successors and assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class

are those Persons who submitted valid and timely requests for exclusion in accordance with the requirements set forth in the Notice, who are listed on Exhibit 1 hereto.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiffs Michael A. Lowery and Ramesh A. Patel ("Plaintiffs") are appointed as the class representatives for the Settlement Class ("Class Representatives") and Lead Counsel is appointed as counsel for the Settlement Class.

4. The Court finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Court-appointed Class Representatives are typical of the claims of the Settlement Class they represent; (d) Class Representatives have and will continue to fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

    (a) constituted the best practicable notice to the Settlement Class Members under the circumstances;

    (b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the terms and effect of the Stipulation and the proposed Settlement

of the Action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

   (c) were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

   (d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

  6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

  7. The Action and all Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Final Judgment and Order ("Final Judgment").

8.  In accordance with Paragraph 1.26 of the Stipulation, for purposes of this Final Judgment the term "Released Persons" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, successors, predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

9.  In accordance with Paragraph 1.25 of the Stipulation, for purposes of this Final Judgment the term "Released Claims" shall mean: any and claims, rights, demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature (collectively "Claims"), including known and Unknown Claims (as defined below), against any of the Released Persons (as defined below) that (i) were asserted or could have been asserted in the Action; (ii) would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any member of the Settlement Class against any of the Released Persons that relate to the purchase or sale of AMRI common

stock (collectively, the "Released Claims"), *provided that* Released Claims shall not include claims to enforce the Settlement.

10. In accordance with Paragraph 1.34 of the Stipulation, for purposes of this Final Judgment the term "Unknown Claims" shall mean: any Released Claims which Lead Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall

5

expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

11. Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective personal representatives, Immediate Family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, and regardless of whether any such Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons.

12. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members and Lead Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action ("Defendants' Released Claims") and shall be permanently enjoined from prosecuting the Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Lead Counsel.

13. All Persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons and entities may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

14. This Final Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

    i. shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

    ii. shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

      iii.    shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

      iv.    shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

      v.    shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

      vi.    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

      vii.    shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce the Stipulation or this Final Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

15. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

16. Any orders regarding the Plan of Allocation of the Net Settlement Fund, the Fee and Expense Award, or the Award to Plaintiffs, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Final Judgment and shall be considered separate from this Final Judgment.

17. This Court finds that Plaintiffs and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

18. This Court finds that during the course of the litigation, the Plaintiffs, Lead Counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

20. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 7.2 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

21. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Gross Settlement Fund, or any portion thereof, is returned to Defendants' insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the provisions of Paragraph 7.7 of the Stipulation shall apply.

22. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

SO ORDERED this 12 day of OCT., 2017.

s/Frederic Block

The Honorable Frederic Block.
United States District Court Judge