**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN GAUQUIE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>ALBANY MOLECULAR RESEARCH, INC., WILLIAM MARTH, and MICHAEL NOLAN,<br><br>Defendants. | Civil Action No. 14-cv-06637 (FB) (SMG)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION FOR DISTRIBUTION OF CLASS ACTION SETTLEMENT FUNDS** |

## I. INTRODUCTION

This action has been settled pursuant to the terms of the Amended Stipulation of Settlement filed with the Court on June 23, 2017 (the "Stipulation") (Dkt. No. 61-1). Unless otherwise defined, capitalized terms herein have the same meanings attributed to them as in the Stipulation.

On June 26, 2017, the Court entered the Preliminary Approval Order (Dkt. No. 62). On October 13, 2017, the Court entered the Final Judgment and Order of Dismissal With Prejudice (Dkt. No. 71).

The court-appointed Claims Administrator, Strategic Claims Services ("SCS") advised Lead Counsel that it has now completed all analyses and accounting procedures in connection with the submitted claims and has finalized its determination of which claims are authorized and which are ineligible. *See* Declaration of Josephine Bravata Concerning the Results of Claims Administration Process ("Bravata Declaration") at ¶¶4-7. All that remains to complete the Settlement process is to distribute the Net Settlement Fund to the Authorized Claimants. Lead Counsel therefore requests that the Court authorize the distribution of the Net Settlement Fund to Authorized Claimants as identified in Exhibits B-1 and B-2 to the Bravata Declaration.

## II. DETERMINATION OF AUTHORIZED CLAIMS

Pursuant to the Preliminary Approval Order, Class Members wishing to participate in the Settlement were required to submit Proofs of Claim postmarked no later than September 21, 2017. Preliminary Approval Order ¶11(a). The Claims Administrator continued processing all claims received up to May 1, 2018. As a result of an effective notice program, through May 1, 2018, the Claims Administrator has received 7,551 Proofs of Claim. Bravata Declaration ¶4. The Claims Administrator reviewed all 7,551 Proofs of Claim and has now finalized its determination of which claims are authorized and which are ineligible. *Id*.

### A. Valid and Properly-Documented Claims

SCS has determined, following an analysis of the 7,551 Proofs of Claim received through May 1, 2018, that 1,241 valid and properly-documented claims were received. Of these 1,241 claims, 1,235 were timely (i.e. postmarked no later than September 21, 2017) ("Timely Valid Claims") and 6 were postmarked after September 21, 2017 but received on or before May 1, 2018 ("Late Valid Claims"). Bravata Declaration ¶5(a).

Lead Plaintiffs request that the Court accept all 1,241 valid claims, including the 1,235 Timely Valid Claims and the 6 Late Valid Claims. The Late Valid Claims have not caused significant delay to the distribution of the Net Settlement Fund or otherwise prejudiced any Authorized Claimant, and Lead Plaintiffs believe that it would be unfair to prevent an otherwise valid claim from participating in the Net Settlement Fund solely because it was submitted after the September 21, 2017 submission deadline but while claims were still being processed. *See In re "Agent Orange" Product Liability Litig.*, 689 F. Supp. 1250, 1261-63 (E.D.N.Y. 1988) (court permitting the qualifying late claimants and opt-out claimants to participate in the settlement distribution because "[t]he cost to the fund of admitting late claimants and readmitting the opt-out claimants to the class action should be relatively small. No significant administrative costs need

be incurred to allow the late claims and opt-out claims"); *In re Authentidate Holding Corp. Secs. Litig.*, No. 05 Civ. 5323 (LTS), 2013 U.S. Dist. LEXIS 11815, at *3 (S.D.N.Y. Jan. 25, 2013) (courts have "inherent power to accept late claims") (citation omitted); *In re Crazy Eddie Securities Litigation*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995) (court allowing late claims postmarked within one month and four days of original deadline to participate in the distribution of settlement funds); *see also In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315, 321 (3d Cir. 2001) (court allowing late claim on "finite pool of assets").

Accordingly, Lead Plaintiffs respectfully request that the Court approve the 1,241 properly documented claims as listed in Exhibits B-1 and B-2 of the Bravata Declaration.

**B. Inadequate and Ineligible Claims**

**1. Inadequately Documented Claims**

SCS initially identified 8 inadequately documented claims. Bravata Declaration ¶5(b). For all inadequately documented claims, SCS sent inadequacy notices advising claimants of the nature of their inadequacy and giving them the opportunity to cure their submission. *Id.*, Ex. C. Of the 8 claims initially identified as inadequate, 3 have been successfully cured and are now considered valid. *Id.* The remaining 5 inadequate claimants either did not respond to the inadequacy notice or responded with insufficient documentation. *Id.* These inadequate claimants were sent a rejection notice explaining the reason(s) for its inadequacy. *Id.* To date, none of the inadequate rejected claimants included in Exhibit D to the Bravata Declaration has objected to or contested SCS's determination. *Id.*

**2. Claims Ineligible for Reasons Other Than Inadequate Documentation**

SCS has identified 6,305 claims that it recommends for complete rejection. Bravata Declaration ¶5(c), Ex. E. The reasons for rejection included: (i) claims with shares sold short; (ii) claims with shares purchased outside the Class Period; (iii) claims with no Recognized Losses;

(iv) duplicative claims; (v) claims with shares that were received or transferred into an account, but not purchased; and (vi) claims which were voluntarily withdrawn from the settlement by the filing entity. *Id.* Such claimants were sent ineligibility notices advising them of SCS's determination. *Id.*, Ex. F. To date, none of these ineligible claimants has objected to or contested SCS's determination. *Id.*

## III. PLANNED DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to ¶5.1 of the Stipulation, "The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation." Lead Counsel now seeks to distribute the Net Settlement Fund to the Class Members whose 1,241 claims have been accepted as set forth in Exhibits B-1 and B-2 of the Bravata Declaration, in proportion to their Recognized Losses as shown therein.

According to the Stipulation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a nonsectarian charity or any not-for-profit successor of it chosen by Lead Counsel. Stipulation ¶5.4(j).

## IV. CONCLUSION

Based on the foregoing, Lead Plaintiffs respectfully request that the Court approve and enter the [Proposed] Order for Distribution of Class Action Settlement Funds submitted herewith.

Dated: June 28, 2018

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim

Phillip Kim, Esq.
Laurence Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
pkim@rosenlegal.com
lrosen@rosenlegal.com

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was forwarded to all counsel of record through the Court's ECF system on June 28, 2018.

/s/ Phillip Kim